Judge Lorna Schofield
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

RECEIVED
SDNY PRO SE OFFICE
2019 OCT -2 PM 1:07

Re: *Komatsu v. City of New York et al.*,
Case No: 18-cv-3698 (LGS)

Wednesday, October 2, 2019

Judge Schofield,

I'm filing this letter motion to order you to immediately have a face-to-face conversation with United States Marshal Michael Greco to order him to cause me to no longer be subjected to selective-enforcement in violation of my Fourteenth Amendment rights by federal court security personnel while I am inside of federal courthouses located in Manhattan and Brooklyn. You're entirely aware of the fact that I have been subject to abusive treatment by court officers since 5/23/17 while I was inside of the Bronx Supreme Court and such abusive treatment of me has occurred in both the Daniel Patrick Moynihan and Thurgood Marshall federal courthouses by federal court security personnel. By allowing me to continue to be subjected to abuse by court security personnel inside of courthouses, you and Judge Gorenstein are directly responsible for enabling me to be re-victimized by such thugs masquerading as law-enforcement before Halloween.

Two days ago, that abusive treatment began inside of the United States District Court for the Eastern District of New York by federal court security officers. As that occurred yesterday, a male federal court security officer whose last name is Finn used the profanity of "Fuck" in relation to me while he was in my presence and that of another male federal court security officer

whose last name is Cova. Mr. Cova told me that he was then Mr. Finn's supervisor and both of them were on-duty then as federal court security officers ("CSOs"). Mr. Cova illegally didn't intervene on my behalf against Mr. Finn in response to Mr. Finn's use of profanity that is prohibited by 41 C.F.R. §102-74.390. That occurred in the court clerk's office as Mr. Finn caused a public disturbance by his behavior toward me while he raised his voice toward me. In stark contrast to CSOs and members of the U.S. Marshals Service, I have never conducted myself in an unlawful, disorderly, or threatening manner while I have been inside of courthouses. I have also not expressed any unlawful threats against anyone. For those reasons, there has never been any valid justification for CSOs and members of the U.S. Marshals Service to treat me differently than the majority of other visitors to the federal courthouses in Manhattan and Brooklyn. The fact that CSOs and members of the U.S. Marshals Service have subjected me to illegal selective-enforcement has always been strictly due to an illegitimate animus toward me by them that has been in retaliation for my having reported valid complaints against them and lawfully exercised my constitutional rights against them in response to their abuse. I have also pointed to this Court that the U.S. Marshals Service ("USMS") is continuing to illegally withhold and destroy video recording evidence that has been recorded by video security cameras that it controls that are installed in and within the immediate vicinity of the Daniel Patrick Moynihan and Thurgood Marshall federal courthouses in response to orders that I have lawfully issued to it to have the USMS provide me such video recordings in accordance with my First Amendment, Fifth Amendment, Fourteenth Amendment rights as well as the Freedom of Information Act ("FOIA") and 5 §U.S.C. 552(a).

On 7/20/18, I submitted a legal filing in this action in which I clearly sought for you to intervene on my behalf against federal court security officers. However, hindsight unequivocally confirms that you impermissibly shirked your affirmative legal duty then to do so and Judge Gorenstein did the same. As judges, both you and Gabriel are law-enforcement officials who are legally bound by the following pertinent excerpt from *Marom v. City of New York*, No. 15-cv-2017 (PKC) (S.D.N.Y. Mar. 7, 2016) to intervene on my behalf to protect my constitutional rights from being infringed by law-enforcement officials:

> "All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." Anderson, 17 F.3d at 557. "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, [] (2) that a citizen has been unjustifiably arrested [] or (3) that any constitutional violation has been committed by a law enforcement official []." Id. However, "[i]n order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring."

You need to make it crystal clear that you are among the judges who are the boss of Michael Grego and the rest of the members of the USMS and CSOs who work inside of the Daniel Patrick Moynihan and Thurgood Marshall federal courthouses with respect to determining whether how they treat me is lawful conduct. This point is made perfectly clear in the following excerpt from *US v. Smith*, 426 F.3d 567 (2d Cir. 2005) that confirms that judges are to exercise control over courthouse premises and how courthouse personnel that includes security personnel conduct themselves:

> "**III. Control of Court Access**
>
> Although we conclude that Smith's constitutional rights were not violated by the imposition of a photo identification requirement, 576*576 we note our concerns about unilateral steps — even commonsensical and fully justified ones — by the executive branch that restrict court access. Going forward, we emphasize that any such steps must be coordinated with, and approved by the courts. While the Marshals Service and Secretary of DHS are charged by Congress with protecting the federal courts, *see* 28 U.S.C. § 566; 40 U.S.C. § 1315, the

Supreme Court has made clear that "courtroom and courthouse premises are subject to the control of the court." *Sheppard v. Maxwell,* 384 U.S. 333, 358, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *see also Westmoreland v. CBS, Inc.,* 752 F.2d 16, 24 n. 13 (2d Cir.1984)("the judiciary ... has always had control over the courtrooms"); *Brewster v. Bordenkircher,* 745 F.2d 913, 916 (4th Cir.1984) ("It is [the district judge] who is best equipped to decide the extent to which security measures should be adopted to prevent disruption of the trial, harm to those in the courtroom, escape of the accused, and the prevention of other crimes.").

Control by the courts is essential, because the judiciary is uniquely attuned to the delicate balance between defendants' Sixth Amendment rights to public trial, the public and press's First Amendment rights to courtroom access, and the overarching security considerations that are unique to the federal facilities containing courtrooms. Because of these factors, special concerns arise when security measures that seem obvious or commonplace in some settings are transferred to the door of such facilities. The judiciary is uniquely competent to strike the proper balance. It is especially important that the judiciary maintain control of security measures that may affect those having business before the courts, because of the danger that litigants could be excluded from the courtroom and procedurally penalized for their absence through no fault of their own and without the knowledge of the court. For these reasons, we expect the Marshals Service to consult with the courts before implementing general security measures that significantly affect court access. Such restrictions should then be approved by the judiciary through, for example, their relevant court security committees."

Just because you don't have jurisdiction over what occurs inside of the United States District Court for the Eastern District of New York in Brooklyn doesn't change the fact that you have jurisdiction in Manhattan to issue a binding and fully-enforceable order against the USMS and Michael Grego to cause me to no longer be subjected to abuse that in the federal courthouses in Manhattan and Brooklyn that I have articulated in this letter and previously to this Court. I shouldn't have to be forced to resort to commencing additional litigation to against the USMS to have this Court fulfill its legal mandate to exercise proper control over the conduct of courthouse personnel to prevent me from continuing to experience abuse by them while I am inside of federal courthouses in Manhattan and Brooklyn. The Code of Conduct for United States Judges also requires this Court to intervene on my behalf in regards to what I have discussed in this letter. Such abuse also impermissibly causes me to be distracted from focuses on the matters that pertain to this action largely by subjecting me to undue stress and well-founded concerns about

my personal safety while I am in the presence of CSOs after their colleagues have made a death threat against me inside of the Daniel Patrick Moynihan federal courthouse, physically and repeatedly assaulted me in it, and illegally spied on me and a female visitor in that courthouse as a result of CSO Ralph Morales having illegally recorded an audio and video recording of us on 9/21/18 in that courthouse by using a electronic device that he wore that seems to have been a wristwatch. I have that video recording.

From,

Towaki Komatsu

**Mailing Address**:

Towaki Komatsu
802 Fairmount Pl., Apt. 4B
Bronx, NY 10460

Tel: 718-450-6951