Judge Lorna Schofield
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

RECEIVED
SDNY PRO SE OFFICE
2019 OCT 17 PM 2:59

  Re: *Komatsu v. City of New York et al.,*
    <u>Case No: 18-cv-3698 (LGS)(GWG) S.D.N.Y.)</u>

Thursday, October 17, 2019

Judge Schofield,

I'm filing this letter motion pursuant to FRCP Rule 12(f) in response to the untimely answer that the attorney (Hannah Faddis) for the City defendants filed in this action on 10/15/19 and corresponds to docket number 253 in response to the Second Amended Complaint ("SAC") that I filed in this action on 8/31/18 that corresponds to docket number 45.

The following shows the plain text of FRCP Rule 12(f)(2) that confirms that this Court is authorized to strike the answer that was filed very untimely in this action on 10/15/19:

> (f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>> (1) on its own; or
>> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

The following shows the plain text of the beginning of FRCP Rule 12 that confirms that defendants have a maximum of 21 days in which they are required to file an answer in response to a complaint unless they are granted an extension of time for doing so:

> Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing
>> (a) TIME TO SERVE A RESPONSIVE PLEADING.

> (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
>
> (A) A defendant must serve an answer:
>
> (i) within 21 days after being served with the summons and complaint; or

Before Ms. Faddis opted to waste both this Court's time and mine by filing that untimely answer in this action on 10/15/19, Judge Gorenstein issued an order on 10/23/18 that corresponds to docket number 55 in this action. The order that Judge Gorenstein issued on 10/23/18 in this action was one that over my objections and gave the attorney for the City defendants no later than 12/3/18 to file an answer in this action in response to my SAC. He issued that order and demonstrated prohibited partiality in that way in favor of the City defendants and their legal counsel in response to a legal filing that was filed in this action on 10/23/18 that corresponds to docket number 52. That earlier legal filing corresponded to a request that was made for an extension of time to file that answer. Following 10/23/18, no order was issued in this action that authorized the City defendants' legal counsel to file a supplemental or amended answer in response to my SAC. However, Ms. Faddis did precisely that through the submission that she filed in this action on 10/15/19 and is clearly trying to have a second bite at the proverbial apple that is patently impermissible. As a result, this Court is obligated to equitably strike that submission in its entirety primarily because it is indisputably a nullity. Prior to that submission, this Court has repeatedly deemed submissions that I have filed in this action as being irrelevant and otherwise submitted without authorization. I am now directing this Court to equitably apply that same legal standard against Ms. Faddis by striking the answer that she filed in this action on 10/15/19. A refusal by this Court to fully comply with what I am demanding here will certainly further expose this Court's naked bias and partiality in favor of the defendants and their attorneys in this action that has already materially prejudiced my ability to receive a fair trial in this action.

The answer that was filed in this action by Ms. Faddis on 10/15/19 was filed 409 days after I filed my SAC in this action. To be even clearer, that answer was filed in this action on more than 1 year and 1 month after I filed my SAC in this action. Also, that answer was filed nearly one year - 316 days to be specific - after Judge Gorenstein's deadline of 12/3/19 for doing so in this action. On a related note, you expressed the following remarks on 1/3/19 about untimely legal filings in a different lawsuit that I commenced to which you were sadly assigned:

> "More than two years later, on October 29, 2018, Plaintiff filed another motion for reconsideration, which was denied as untimely."

Through this filing, I'm directing you to act in accordance with the remarks shown above that you expressed about untimely filings by declaring that Ms. Faddis' 10/15/19 submission in this action is untimely and equitably stricken in its entirety as a result.

From,

Towaki Komatsu

**Mailing Address**:

Towaki Komatsu
802 Fairmount Pl., Apt. 4B
Bronx, NY  10460

Tel: 718-450-6951