UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                   :
TOWAKI KOMATSU,                                 :
                                 Plaintiff,  :
                                                   :           18 Civ. 3698 (LGS)
                  -against-                          :
                                                   :           ORDER
THE CITY OF NEW YORK,                  :
                                 Defendant,  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS on July 29, 2020, Plaintiff filed a letter (ECF 410)[1] seeking reconsideration of this Court's orders issued on March, 1, 2019, denying Plaintiff's motion to amend the complaint (ECF 118) ("March Order"), and on September 30, 2019, granting in part Defendants' motion to dismiss (ECF 239) ("September Order").

       WHEREAS on August 6, 2020, Plaintiff filed a letter (ECF 416) again requesting reconsideration of the September Order.

       WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (internal

---

[1] Plaintiff filed a duplicative letter at ECF 411.

quotation marks omitted).  A notice of motion for reconsideration must be served within fourteen days after the Court's determination of the original motion.  *See* Local Civil Rule 6.3.

WHEREAS, on August 4, 2020, Plaintiff filed a letter objecting to Judge Gorenstein's July 28, 2020 Order (ECF 405) denying Plaintiff's motion to file an amended complaint.  ECF 415.

WHEREAS, for objections to a Magistrate Judge's ruling on nondispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).  Motions to amend a complaint are nondispositive.  *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Wu Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (internal citation omitted).  "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion."  *Xie*, 2018 WL 501605, at *1 (internal citation omitted).  It is hereby

ORDERED that the motions for reconsideration of the March Order and the September Order are DENIED.  These motions are untimely, and on that basis alone the applications are denied.  A motion for reconsideration must be filed within fourteen days after the Court's determination of the original motion.  *See* Local Civil Rule 6.3.  A separate basis for denial is that the arguments that the orders "were not in [Plaintiff's] interests," "had no basis in law nor

fact," *see* ECF 410, and must construe Plaintiff's legal arguments in their strongest form, *see* ECF 416, are not a basis for reconsideration as they do not identify an intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice. It is further

ORDERED that Plaintiff's objection to Judge Gorenstein's July 28, 2020 Order (ECF 405) is OVERRULED.  Judge Gorenstein granted Plaintiff four extensions of time from the initial due date of March 16, 2020 — until May 1, May 27, June 17 and July 20 — to file a Third Amended Complaint that complies with the Federal Rules of Civil Procedure, which Plaintiff failed to do.  *See* ECF 320, 339, 344, 345, 346, 347, 371, 378, 405.  The final extension stated that "[t]here will be no further extensions of this deadline."  *See* ECF 378.

On July 21, 2020, Plaintiff filed a second motion to amend stating that he had submitted "…6 completely finished pleadings…."  *See* ECF 399 at 8.  Judge Gorenstein denied the motion to amend on the ground that Plaintiff had failed to comply with Federal Rules of Civil Procedure 8 and 10, and the Court's orders.  Specifically, the proposed submission was not "a short and plain statement of the claim" and was not in compliance with the format outlined by multiple Court orders.  This ruling is not clearly erroneous or contrary to law, and accordingly, is not an abuse of discretion.  *See* Fed. R. Civ. P. 72(a).  *See generally Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (noting that leave to amend may be properly denied for "repeated failures to cure deficiencies by amendments previously allowed"); *accord Rattray v. City of New York*, 2020 WL 404979 at *6 (S.D.N.Y. 2020).  Plaintiff's request for equitable tolling of the deadline to file a Third Amended Complaint, *see* ECF 410, accordingly is DENIED as moot.

In a recent letter (ECF 415), Plaintiff also asserts that Judge Gorenstein and the undersigned have engaged in "repeated acts of judicial misconduct" and requests reassignment of

this case. Plaintiff's letter is construed as a motion to recuse, as litigants have no right to seek reassignment. *See* Southern District of New York's Rules for the Division of Business Among District Judges ("These rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants…."). This motion is DENIED as it makes no colorable allegations of any basis for recusal.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

Dated: August 10, 2020
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE