UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                              :

TOWAKI KOMATSU,
                                                              :         ORDER

                         Plaintiff,       :         18 Civ. 3698 (LGS) (GWG)

     -v.-                                                :

THE CITY OF NEW YORK, et al.,          :

                        Defendants.     :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       The Court is in receipt of defendants' letter, seeking to compel plaintiff Towaki Komatsu to "provide full and complete responses to Defendants' First Set of Document Requests and Interrogatories." Letter from Andrew B. Spears at 1, filed November 4, 2020 (Docket # 432) ("Spears Letter"). Komatsu has responded to that letter in a filing contesting defendants' requested relief, though in some instances providing additional information. See Letter from Towaki Komatsu, filed November 20, 2020 (Docket # 437) ("Komatsu Opp."). After considering the parties' submissions, the Court resolves defendants' application as follows.

       Defendants seek to compel responses to a mix of interrogatories and document requests. See generally Spears Letter at 3-22. The Court will address each request in turn.

       Interrogatory No. 1 asks Komatsu to identify witnesses or people with knowledge of the incident at issue and to provide "the home and business addresses and telephone numbers of each witness." Spears Letter at 3. Komatsu initially identified one "Jay Koo" but refused to provide his telephone number at the time, citing the need to "have a neutral and objective judge" rule on "the extent to which [Koo] needs to be bothered by the attorneys for the defendants in this case . . . ." Id. (quoting Komatsu's responses). In his response, he refers to many other individuals he has spoken with. Komatsu Opp. at 8-11. To the extent Komatsu is withholding any information (including phone numbers), the Court has considered Komatsu's objections and finds them without merit. Fed. R. Civ. P. 26(b)(1) makes clear that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." The identities and identifying information of witnesses or people with knowledge of a plaintiff's claims in a case are perhaps the most critical information a plaintiff may be called upon to provide. Komatsu has made no showing that this request is not proportional "to the needs of the case." Id. Accordingly, defendants' request that "plaintiff be compelled to provide identifying information for" the individuals he has "named or referred to" in response to this request is granted. Spears Letter at 4.

The Court notes that providing responses to interrogatories in a letter to the Court is not sufficient because interrogatory responses must be "under oath" — that is sworn, either before a notary or by providing the attestation quoted in 28 U.S.C. § 1746(2). See Fed. R. Civ. P. 33(b)(3). Thus, Komatsu must provide a full response to this interrogatory and any other interrogatory for which responses are ordered below in a sworn response.

Interrogatory No. 2 asks Komatsu to identify "any and all statements . . . prepared by plaintiff or any other person that relate to the claims and/or subject matter of this litigation." Spears Letter at 4. Komatsu initially protested that complying with this request would take "an enormous amount of time" because of the "sheer volume of such statements" that he has made. Id. (quoting Komatsu's responses). Komatsu also states that he has "no way of knowing what additional statements" may have been made by others about this case. Id. (quoting Komatsu's responses). A party's own descriptions of events at issue in a lawsuit are highly relevant, of course. Statements made by others also may be highly relevant. The Court construes this interrogatory as requiring the identification only of written or recorded statements — that is, Komatsu need not identify oral statements based on his recollection. Komatsu has not demonstrated that the burden of identifying written or recorded statements he is aware of is disproportionate to the needs of the case. That being said, the Court emphasizes that Komatsu is only responsible for identifying statements he is aware of. Accordingly, Komatsu is ordered to identify (by name of speaker, date of statement, if available, and location if known) any and all statements relating to the claims in this case that he is aware of. If any particular statement was once available but is no longer available, Komatsu may explain that in his response.

Interrogatory No. 3 asks Komatsu to identify "any and all statements . . . prepared by the City of New York . . . that relate to the claims and/or subject matter of this litigation." Spears Letter at 5. The same principles that apply to the statements of "persons" as stated in Interrogatory No. 2 apply here as to any statements by the City. Komatsu argues that he should not have to respond to this interrogatory because it is "outside the scope of this discovery because this Court has chosen to limit my claims in this case to my 4/27/17 claims," and because the information sought "has been in the City of New York's possession." Komatsu Opp. at 12. Komatsu's first objection is overruled because the interrogatory seeks only statements "that relate to the claims and/or subject matter of this litigation." Spears Letter at 5. Such statements are plainly within Rule 26's scope. His second objection appears to relate to burden, but Komatsu has not sufficiently demonstrated that it will be difficult for him to identify statements made by the City or its employees. Again, the only statements he must identify are those he is aware of. To the extent his objection is that such statements are in the possession of the defendants, that objection is overruled as well. Milner v. City of Bristol, 2020 WL 6049261, at *3 (D. Conn. Oct. 13, 2020) ("An objection that the information sought in an interrogatory or request for production is equally available to the requesting party is insufficient to resist a discovery request.") (internal citation and quotation marks omitted). Accordingly, the requested relief is granted, and Komatsu shall identify any and all statements responsive to this interrogatory of which he is aware. Spears Letter at 6.

Interrogatory No. 4 asks Komatsu to identify "all injuries claimed . . . as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any," and

to identify the providers associated. Spears Letter at 6. The Court construes this interrogatory as seeking information as to non-economic injuries — that is, any physical or psychological injuries. Komatsu objects that this interrogatory interferes with his "privacy rights" and is irrelevant (id. (quoting Komatsu's responses)) since he "didn't seek any medical treatment." Komatsu Opp. at 12. But to the extent Komatsu is still seeking compensation for his "pain, suffering, mental anguish, and humiliation," Second Amended Complaint at 25, filed August 30, 2018 (Docket # 45), he has placed his medical and psychological condition at issue in this case, and must respond to discovery about that condition. See Gill v. Gilder, 1997 WL 419983, at *3 (S.D.N.Y. July 28, 1997) ("A plaintiff waives his right to privacy in his medical records when he puts his medical condition at issue in a lawsuit.") (internal citations omitted). Accordingly, to the extent Komatsu seeks damages for any physical or psychological injuries, he must identify those injuries ("emotional distress" would be a sufficient identification of any psychological injuries to encompass any claims of mental suffering, anguish or humiliation). If he identifies no such injuries, he need not provide medical or psychological records. But to the extent Komatsu identifies any physical or psychological injuries, he must identify the providers of any treatment of those injuries by name and address. If there are no such providers, Komatsu may so state in his sworn response.

Interrogatory No. 5 asks for identification of "all economic injuries claimed . . . as a result of the Incident . . . ." Spears Letter at 7. Document Request No. 5 asks for documentation of Komatsu's economic damages. Id. Komatsu reiterates his objection that this impinges on his "privacy rights," id. (quoting Komatsu's responses), and that "discovery about employment and income matters" prior to April 27, 2017 is "totally irrelevant," as any lost income "is strictly forward looking for periods on and after 4/27/17." Komatsu Opp. at 13. While this provides some information, Komatsu still must definitively identify under oath all economic injuries claims (for example, lost wages, whether past or future). And he must also produce any documents in his possession, custody, or control that he contends concern those damages. If he fails to do either, he may be precluded from seeking such damages or using any documentation to support any claim for damages.

Interrogatory No. 6 asks Komatsu to identify all of his employers from the past 10 years. Spears Letter at 8. Document Request No. 13 asks Komatsu to complete associated releases of employment records for those employers. Id. Komatsu objects to these requests as "an impermissible fishing expedition for entirely irrelevant information." Komatsu Opp. at 14. Defendants argue that the requests are appropriate because Komatsu "has claimed that a difficulty procuring employment was among the grievances he sought to redress," and because he "has suggested that he has been unable to procure employment as a result of the defendants' alleged violation of his constitutional rights." Spears Letter at 8. Komatsu states that he is seeking damages based on his diminished ability to obtain employment as a result of the defendants' actions. Komatsu Opp. at 14, 15. Accordingly, he must provide information regarding his employment both before and after the incident. His employment history before the incident is relevant because it provides evidence as to his ability to obtain employment (and the salary he would command) after the incident. Accordingly, if Komatsu seeks damages in the form of lost wages, he must identify all employers from January 1, 2010 to the present, and complete the associated releases for records from those employers. If he fails to do so, he will be

precluded from seeking any damages in the form of lost wages.

Interrogatory No. 7 asks Komatsu to identify all of his medical providers in the past 10 years "who have rendered treatment" to him. Spears Letter at 9. The Court will narrow this request to require plaintiff to identify providers that gave treatment for the particular kinds of injuries that Komatsu identifies in response to Interrogatory No. 4. Accordingly, Komatsu is ordered to respond with respect to providers that rendered treatment as to any injuries identified in response to Interrogatory No. 4.

Interrogatory No. 8 asks whether Komatsu has applied for worker's compensation in the past 10 years, and to identify the employers who provide it, if so. Spears Letter at 9. Komatsu does not address this interrogatory in his response. In any event, any claims of worker's compensation would only be relevant as to the damages aspect of a claim of lost wages after the incident. Accordingly, Komatsu shall answer the questions with respect to any worker's compensation claims made after April 27, 2017, until the present.

Interrogatory No. 9 asks if Komatsu has applied for social security disability benefits, and to provide information if he has. Document Request No. 16 is an associated authorization form. Spears Letter at 9-10. Komatsu initially objected based off his "privacy rights" and a lack of relevance, Spears Letter at 10 (quoting Komatsu's responses), and now additionally asserts that producing this information is "unduly burdensome" because New York City's Human Resources Administration possesses "information about government benefits that I've applied for." Komatsu Opp. at 16. As already noted, the fact that an agency of New York City allegedly possesses information responsive to an interrogatory does not relieve Komatsu of the responsibility to respond to the interrogatory. As to relevance, this request is relevant only if Komatsu asserts that he suffered medical or psychological injuries in his response to Interrogatory No. 4. If so, Komatsu shall respond to the interrogatory and provide the authorization for any such claim.

Interrogatory No. 13 asks Komatsu to identify when he has been arrested, the charges associated, and time spent incarcerated (if any). Spears Letter at 10. Komatsu argues that this is "totally irrelevant, inapplicable, and overly broad." Komatsu Opp. at 17. But as defendants point out, this information bears on his alleged damages from his interactions with the NYPD in this case. Spears Letter at 10. It bears on those damages, however, only for arrests prior to April 27, 2017. While it appears plaintiff has responded to this interrogatory in his opposition papers, it is not sworn. Accordingly, Komatsu shall respond to this interrogatory in proper form with respect to arrests before April 27, 2017.

Interrogatory No. 14 asks Komatsu to identify any felony or misdemeanor convictions. Spears Letter at 11. Komatsu objects that this is irrelevant, although he gives a response. Komatsu Opp. at 17. The only relevance of this interrogatory as to the merits of plaintiff's claims would be subsumed in the response to Interrogatory 13. To the extent the information is sought for impeachment purposes, only felonies and other convictions for crimes involving a dishonest act or false statement would be relevant (regardless of the date). See Fed. R. Evid. 609(a). Accordingly, Komatsu shall answer the interrogatory in sworn form as to any

precluded from seeking any damages in the form of lost wages.

Interrogatory No. 7 asks Komatsu to identify all of his medical providers in the past 10 years "who have rendered treatment" to him. Spears Letter at 9. The Court will narrow this request to require plaintiff to identify providers that gave treatment for the particular kinds of injuries that Komatsu identifies in response to Interrogatory No. 4. Accordingly, Komatsu is ordered to respond with respect to providers that rendered treatment as to any injuries identified in response to Interrogatory No. 4.

Interrogatory No. 8 asks whether Komatsu has applied for worker's compensation in the past 10 years, and to identify the employers who provide it, if so. Spears Letter at 9. Komatsu does not address this interrogatory in his response. In any event, any claims of worker's compensation would only be relevant as to the damages aspect of a claim of lost wages after the incident. Accordingly, Komatsu shall answer the questions with respect to any worker's compensation claims made after April 27, 2017, until the present.

Interrogatory No. 9 asks if Komatsu has applied for social security disability benefits, and to provide information if he has. Document Request No. 16 is an associated authorization form. Spears Letter at 9-10. Komatsu initially objected based off his "privacy rights" and a lack of relevance, Spears Letter at 10 (quoting Komatsu's responses), and now additionally asserts that producing this information is "unduly burdensome" because New York City's Human Resources Administration possesses "information about government benefits that I've applied for." Komatsu Opp. at 16. As already noted, the fact that an agency of New York City allegedly possesses information responsive to an interrogatory does not relieve Komatsu of the responsibility to respond to the interrogatory. As to relevance, this request is relevant only if Komatsu asserts that he suffered medical or psychological injuries in his response to Interrogatory No. 4. If so, Komatsu shall respond to the interrogatory and provide the authorization for any such claim.

Interrogatory No. 13 asks Komatsu to identify when he has been arrested, the charges associated, and time spent incarcerated (if any). Spears Letter at 10. Komatsu argues that this is "totally irrelevant, inapplicable, and overly broad." Komatsu Opp. at 17. But as defendants point out, this information bears on his alleged damages from his interactions with the NYPD in this case. Spears Letter at 10. It bears on those damages, however, only for arrests prior to April 27, 2017. While it appears plaintiff has responded to this interrogatory in his opposition papers, it is not sworn. Accordingly, Komatsu shall respond to this interrogatory in proper form with respect to arrests before April 27, 2017.

Interrogatory No. 14 asks Komatsu to identify any felony or misdemeanor convictions. Spears Letter at 11. Komatsu objects that this is irrelevant, although he gives a response. Komatsu Opp. at 17. The only relevance of this interrogatory as to the merits of plaintiff's claims would be subsumed in the response to Interrogatory 13. To the extent the information is sought for impeachment purposes, only felonies and other convictions for crimes involving a dishonest act or false statement would be relevant (regardless of the date). See Fed. R. Evid. 609(a). Accordingly, Komatsu shall answer the interrogatory in sworn form as to any

convictions for felonies and other convictions for crimes involving a dishonest act or false statement and for any convictions that resulted from arrests identified in response to Interrogatory 13.

      Interrogatory No. 16 asks Komatsu to identify each occasion he has "given testimony or statements regarding the subject of this lawsuit." Spears Letter at 11. Komatsu has represented that he is "unable to fully comply," id. (quoting Komatsu's responses), but "will nonetheless try to accommodate the defendants' attorneys . . . in regards to this information." Komatsu Opp. at 17. Certainly, this information is highly relevant. Accordingly, Komatsu is ordered to answer this interrogatory in proper form.

      Interrogatory No. 19 asks Komatsu to identify all documents prepared by him "or any other person" related to this case. Spears Letter at 12. Document Request No. 2 asks Komatsu to produce "any and all documents concerning the Incident" in his possession, custody, or control. Id. at 14. Komatsu objected to this interrogatory because he has "not kept track of the information that is sought," and argues that it infringes on his "privacy rights" and that defendants should be "equitabl[y] estoppe[d]" because of their failure to preserve certain video recordings. Spears Letter at 12 (quoting Komatsu's responses). In his opposition, Komatsu represented that he would "try to accommodate" this request "in regards to the information that it seeks that falls within the permissible scope of discovery in this case." Komatsu Opp. at 18. The defendant's application is granted for the same reasons given in response to Interrogatory No. 2 above. Accordingly, Komatsu must respond to this request.

      Interrogatory No. 20 asks Komatsu to identify any FOIL requests he or someone on his behalf has made about this case, and responses thereto. Spears Letter at 14. Komatsu responds that he has "no duty for obvious reasons to identify information about this request that has been in" the possession of the City of New York. Komatsu Opp. at 18. He also reiterates other objections concerning scope. Spears Letter at 14 (quoting Komatsu's responses). The information is relevant and, for the reasons already stated, he still must respond even if the information is in the City's possession. Accordingly, Komatsu must answer this Interrogatory.

      Interrogatory No. 21 asks Komatsu to identify his social media accounts used or posted on from March 2017 to the present, and to provide his username associated with those accounts. Document Request No. 21 asks Komatsu to produce any communications on social media "relating to town hall meetings, or other public or Mayoral events in which plaintiff attended or attempted to attend in March and April of 2017." Spears Letter at 15. Komatsu argues that this request violates his First Amendment rights to "anonymous Internet speech." Komatsu Opp. at 19. He also argues that defendants cannot prove he made such postings, and thus are not entitled to them. Spears Letter at 15 (quoting Komatsu's responses). If Komatsu has made statements or created posts about the claims in this case on social media, those statements are clearly relevant to this litigation. As to the First Amendment, it does not relieve a litigant of the responsibility to respond to discovery requests. His objections concerning a lack of proof that he made postings is irrelevant to whether he must produce them. His argument that the communications sought — which concern meetings in addition to the April 27, 2017 meeting — go beyond the scope of discovery (Komatsu Opp. at 20) is rejected because Komatsu's communication about other

meetings may provide evidence regarding the events at issue in this case.  All that being said, Komatsu need only identify social media accounts that contain communications relating to the subject of the document request: that is, town hall meetings, or other public or Mayoral events in which plaintiff attended or attempted to attend in March and April of 2017. He need not identify other social media accounts because they would not be relevant to any issue in this lawsuit.

Document Request No. 1 asks Komatsu to produce "all the documents identified in the preceding Interrogatories."  Spears Letter at 16.  Komatsu reiterates his prior objections. Komatsu Opp. at 21; Spears Letter at 16-17 (quoting Komatsu's responses).  For the reasons stated above, the requested relief is granted.  Komatsu is ordered to produce the requested documents in accordance with the relief ordered above.

Document Request No. 3 asks Komatsu to produce "all medical records" in his control "for treatment received by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident."  Spears Letter at 18.  Document Request No. 11 asks for associated authorizations to obtain release of these records.  Id. Komatsu objects based off his "privacy rights."  Id. (quoting Komatsu's responses).  For the reasons stated above, this information has been put at issue in this case by Komatsu's alleged damages, and thus the requested relief is granted as to the records of providers identified in response to Interrogatory No. 7.

Document Request No. 4 asks Komatsu to produce "all photographs and other audio-visual materials documenting the Incident, the scene of the Incident, and all injuries that resulted from the Incident . . . ."  Spears Letter at 18.  Komatsu initially objected to this request (id. (quoting Komatsu's responses)), but now states that he will "endeavor to produce the relevant documents."  Komatsu Opp. at 22.  The materials are relevant.  Accordingly, the Court orders Komatsu to produce the responsive materials.

Document Request No. 8 seeks "all documents that relate to all complaints made by plaintiff to any government agency regarding the incident . . . ."  Spears Letter at 19.  While Komatsu initially objected (see id.), he similarly now states that he "will otherwise endeavor to produce the relevant documents . . . ."  Komatsu Opp. at 22.  The materials are relevant. Accordingly, the Court orders Komatsu to produce the responsive materials.

Document Request No. 9 asks for Komatsu's tax returns "since the Incident and for the five years prior to the Incident," assuming Komatsu "is claiming lost income in this action." Spears Letter at 19.  Komatsu argues that this discovery is irrelevant because he is seeking damages only for "the adverse impact that the illegal acts and omissions . . . had on my access to possible prospective employment opportunities . . . ."  Id. at 20 (quoting Komatsu's responses). But, for the reasons already stated as to his employment generally, plaintiff's income before the incident would bear on the issue of his ability to earn income.  That being said, case law suggests that a court should not order the production of income tax returns absent a heightened showing of "compelling need."  Xiao Hong Zheng v. Perfect Team Corp., 739 Fed. Appx. 658, 660 (2d Cir. 2018).  That showing has not been made.  Accordingly, the request is denied at this time.

     Document Request No. 18 asks for "all documents relating to RSVPs that plaintiff alleges were submitted to the Mayor's Community Affairs Unit ('CAU') to attend any town hall meeting, or other public or Mayoral event, in March and April of 2017 . . . ." Spears Letter at 20. Komatsu objected to this as overly burdensome, stating that the documents sought "have been in the possession of Defendant City of New York." Id. (quoting Komatsu's responses). If Komatsu does not in fact possess any such documentation, he should state so in his response. To the extent he does possess or have such documentation in his custody or control, it is relevant and Komatsu must produce it.

     Document Request No. 19 seeks "all documentation relating to the questions and/or comments intended to be made by plaintiff at the April 27, 2017 Town Hall . . . ." Spears Letter at 20. Komatsu refused to produce this information because "the sum and substance of my lawsuit against HRA" was excluded "from this case" by prior judicial decisions. Id. at 21 (quoting Komatsu's responses). But that fact does not mean that the requested documents are irrelevant to the claims made in this case. The full scope of the incident of April 27, 2017 is at issue for purposes of discovery in this case. Thus, the documents must be produced.

     Finally, Document Request No. 20 asks for "documents or information" that Komatsu distributed or wanted to distribute to the public at various meetings or events that he attended or attempted to attend in March and April of 2017. Spears Letter at 21. Komatsu reiterates prior objections which this Court has rejected. See Spears Letter at 21-22 (quoting Komatsu's responses); Komatsu Opp. at 24. The requested relief is granted.

     Komatsu's opposition indicates that he will produce the above information "after [defendants] first provide me all of the discovery material that I have sought from them." Komatsu Opp. at 24. But a party may not withhold discovery on the ground that an opposing party has not complied with its discovery obligations. Thus, this objection is overruled.

     Komatsu shall serve on defendants complete responses to the interrogatories and documents requests as stated above on or before January 15, 2021.

     The Clerk is requested to mail a copy of this Order to the plaintiff.

     SO ORDERED.

Dated: December 18, 2020
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge