UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                          :
TOWAKI KOMATSU,                                             :
                                Plaintiff,                  :
                                                        :          18 Civ. 3698 (LGS)
            -against-                               :
                                                        :          <u>ORDER</u>
THE CITY OF NEW YORK, et al.,                 :
                                       Defendants.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on December 18, 2020, Judge Gorenstein issued an Order resolving several discovery disputes regarding Defendants' request to compel responses to a mix of interrogatories and document requests. Dkt. No. 450.

      WHEREAS, Plaintiff filed letters on December 19 and 30, 2020, and January 5, 2021, objecting to Judge Gorenstein's Order at Dkt. No. 450. Dkt. Nos. 451, 456, 461.

      WHEREAS, on December 27, 2020, Plaintiff filed a letter requesting reconsideration of the Orders at Dkt. Nos. 76 (dated January 9, 2019) and 106 (dated February 5, 2019). Dkt. No. 454. On December 29, 2020, Plaintiff filed a letter again requesting reconsideration of the Order at Dkt. No. 76 (dated January 9, 2019) and requesting reconsideration of the Orders at Dkt. Nos. 118 (dated March 1, 2019), 239 (dated September 30, 2019), and 418 (dated August 10, 2020). Dkt. No. 455. On January 12, 2021, Plaintiff filed a letter again requesting reconsideration of the Order at Dkt. No. 418 (dated August 10, 2020). Dkt. No. 467.

      WHEREAS, for objections to a Magistrate Judge's ruling on nondispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wu Lin v. Lynch*, 813

F.3d 122, 126 (2d Cir. 2016) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (internal citation omitted). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan*, 15 Civ. 4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (internal citation omitted).

WHEREAS, decisions resolving requests to compel responses related to discovery are not dispositive. *See Pegoraro v. Marrero*, 281 F.R.D. 122, 125 (S.D.N.Y. 2012) (holding that a Magistrate Judge's resolution of a "request to compel production" is evaluated under a clearly erroneous or contrary to law standard). It is hereby

ORDERED that the motions for reconsideration, as outlined above, are DENIED as they are untimely. A motion for reconsideration must be filed within fourteen days after the Court's determination of the original motion. *See* Local Civil Rule 6.3. It is further

ORDERED that Plaintiff's objections to Judge Gorenstein's December 18, 2020, Order at Dkt. No. 450 are overruled as they are not clearly erroneous or contrary to law.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

Dated: January 13, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**