UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                 :

TOWAKI KOMATSU,
                                                 :
                                                 :        <u>ORDER</u>

                       Plaintiff,          :
                                                 :       18 Civ. 3698 (LGS) (GWG)

        -v.-                          :

THE CITY OF NEW YORK, et al.,          :

                     Defendants.        :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Before the Court is plaintiff Towaki Komatsu's letter motion to compel discovery.  <u>See</u> Docket # 453, filed December 22, 2020 ("Pl. Motion").  Plaintiff asks this Court to issue an order compelling The City of New York (the "City") to immediately provide discovery material to plaintiff without a protective order in place (Pl. Motion at 1), and to provide plaintiff with "copies of all email communications that were sent by or otherwise to people who were employees of the City of New York in 2017 that pertained to my efforts to attend all types of public forums that were conducted partly by Bill de Blasio ("the Mayor") in 2017 . . . ."  <u>Id.</u> at 2.[1]  The City opposes both requests.  <u>See</u> Letter from Andrew Spears at 6, 3-4, filed January 7, 2021 (Docket # 462).  The Court has reviewed the parties' letters and decides the motion as follows.

<u>Protective Order</u>

      The City in its opposition asks that a proposed confidentiality order included in its letter be ordered by the Court.  <u>Id.</u> at 4.  While plaintiff objects to such an order, a confidentiality order is, as one case puts it, "routine."  "It permits either party to designate as confidential material believed in good faith properly to be protectible.  The material so designated must be held in confidence . . . ."  <u>Decarlo v. Archie Comic Publications, Inc.</u>, 2000 WL 781863, at *1 (S.D.N.Y. June 20, 2000).  "[O]rders of this sort minimize the involvement of the Court and the parties in unproductive and time consuming disputes about the existence of good cause for protecting individual documents and avoid the litigation of such questions in the abstract."  <u>Id.</u>

      Whether any documents are ultimately properly designated as confidential is best left to consideration of specific documents or categories of documents.  Abiding by the provisions of a confidentiality order is the normal way that this process is effectuated.  Indeed, any challenges to

---

[1]  It may be that plaintiff is making additional requests but if so the Court is unable to discern what they are.

a designation of confidential material can only be knowingly made once the plaintiff actually sees the documents at issue.  Obviously, plaintiff must keep the documents confidential until this process is completed, as will be provided in the Confidentiality Order.

Plaintiff is correct that "the public has a presumption of access to judicial documents under both the common law and the First Amendment."  Pl. Motion at 5.  But the right of access does not apply to information obtained in the discovery process.  See, e.g., United States v. Smith, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013) ("there is no right of access to discovery materials").  Nor does it apply to disputes over confidentiality designations to discovery materials.

Accordingly, because a confidentiality order will assist in the administration of this case and the resolution of disputes between the parties, the Court will separately enter an order in a form commonly used in this district.  See generally Auction Houses Antitrust Litigation, 2001 WL 690042, at *1 (S.D.N.Y. June 19, 2001); Decarlo, 2000 WL 781863, at *1  Plaintiff is required to comply with this Order, of course.  If, after having received the documents in the anticipated production, plaintiff believes that any "confidential" designation has been improperly applied, he may challenge that designation pursuant to the procedures laid out in the confidentiality order. Any such challenge will not have any effect on deadlines in this case.

Request for Documents

Regarding plaintiff's second request, the Court notes that there is no indication in plaintiff's motion that he has complied with paragraph 2.A of this Court's Individual Practices for this particular dispute, and for this reason alone his request is denied.  Also, it is not clear that he ever made a request in the form he presents it now.  In any event, the parties should confer again on this matter.  To assist in the parties' discussions, the Court notes that statements about plaintiff by City employees in 2017 not directly describing the incidents alleged in the complaint may still be relevant to the defendants' intent.  Relevance alone, however, is not a sufficient basis to require production inasmuch as burden, proportionality and other factors must be considered.  See Fed. R. Civ. P. 26(b)(1).  Nonetheless, it may not be unduly burdensome for the City to produce emails from a limited number of custodians..  Also, it is unclear from defendants' letter if the City has declined to provide communications between City employees and outsiders about the incidents alleged in the complaint (as opposed to purely internal communications).  If so, it would seem to the Court that external communications to outsiders might be relevant and, for some custodians, not unduly burdensome to produce.  All these issues should be a matter of discussion between the parties, however.

Accordingly, plaintiff's motion to compel is denied at this time.

The defendants shall mail or email to plaintiff a copy of this Order, the Confidentiality Order, and a separate memorandum endorsement that is being entered today.

SO ORDERED.

Dated:  January 15, 2021
        New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge