UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
TOWAKI KOMATSU,                                                 :
                                                                :
                                                                   ORDER
                    Plaintiff,                                  :
                                                                   18 Civ. 3698 (LGS) (GWG)
        -v.-                                                    :
                                                                :
THE CITY OF NEW YORK, et al.,                                   :
                                                                :
                    Defendants.                                 :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Defendants have moved for dismissal of this case as a sanction pursuant to Fed. R. Civ. P. 37(b), or, in the alternative, for dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute. See Letter from Andrew B. Spears, filed February 3, 2021 (Docket # 492); Letter from Andrew B. Spears, filed February 4, 2021 (Docket # 496).  The application is now fully briefed.

      Pending the disposition of a motion seeking dismissal, "a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)."  Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation and quotation marks omitted).  In considering whether to stay discovery, courts look to three factors: the strength of the motion, the prejudice to plaintiff that would result, and the breadth of discovery sought and the burden on the defendant of responding to it.  See id.  After reviewing the motion papers, the Court finds that a balancing of these factors weighs in favor of a stay.  Defendants have presented "substantial arguments for dismissal" of plaintiff's case.  Id. (citing Spencer Trask Software and Info. Servs., LLC v. RPost Intern. LTD., 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).  Any prejudice to plaintiff to forgo discovery while the motion is adjudicated would be minimal.  Finally, the burden on defendants in complying with the current discovery deadline outweighs any potential prejudice.  Accordingly, the Court orders that all discovery in this action is stayed pending the determination of the defendants' motion and all of the Court's scheduling deadlines are similarly stayed.  If the case continues after the disposition of the defendants' motion, the parties shall, within 7 days, propose a new schedule.

      Defendants are directed to email a copy of this Order to plaintiff.

Dated: February 23, 2021
      New York, New York

SO ORDERED.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
