UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
TOWAKI KOMATSU,                                                  :
                                                                 :
                                                                       ORDER
                               Plaintiff,                        :
                                                                       18 Civ. 3698 (LGS) (GWG)
       -v.-                                                      :
                                                                 :
THE CITY OF NEW YORK, et al.,                                    :
                                                                 :
                               Defendants.                       :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

  Plaintiff has filed a letter which, inter alia, seeks recusal of the undersigned. See Letter from Plaintiff, filed May 26, 2021 (Docket # 579). The Court has ruled on a previous recusal request. See Order, filed August 9, 2018 (Docket # 35). In that ruling, the Court noted that "adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality." Id. at 1 (quoting United States v. Colon, 961 F.2d 41, 44 (2d Cir. 1992)). Plaintiff's numerous filings in the last several years have contained further recusal requests — but none has provided any basis for the request other than adverse rulings.

  Plaintiff's letter again seeks recusal of the undersigned — but this time based not merely on adverse rulings but rather on the fact that plaintiff has named the undersigned as a defendant in a separate lawsuit. See Docket # 579 at 2. Case law makes clear, however, that the fact that a litigant names a judge as a defendant in a lawsuit is not a basis for recusal. See, e.g., United States v. Pryor, 960 F.2d 1, 3 (1st Cir. 1992) ("It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977) ( "A judge is not disqualified merely because a litigant sues or threatens to sue him."); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him . . . ."); Winslow v. Paxton, 2017 WL 283281, at *3 (N.D. Tex. Jan. 20, 2017) ("If the undersigned were to recuse . . . [it] undoubtedly would serve as something of a reward to plaintiff for his inappropriate litigation conduct. The Fifth Circuit has made clear that a judge is not disqualified because a litigant sues the judge."); Alarcon v. Parks, Recreation & Museums, 2015 WL 4895497, at *1 n.1 (E.D.N.Y. Aug. 16, 2015) ("Obviously a litigant should not be enabled to judge-shop merely by making written attacks upon or filing a complaint against the assigned judge."); Genevier v. Comm'r of Soc. Sec., 2008 WL 11350083, at *1 (C.D. Cal. Dec. 9, 2008) ("courts have consistently held that a judge is not disqualified merely because a litigant sues him"); In re Martin-Trigona, 573 F. Supp. 1237, 1242-43 (D. Conn. 1983) ("[I]t is clear that a judge is not disqualified . . . merely because a litigant sues or threatens to sue him."), appeal dismissed, 770 F.2d 157 (2d Cir. 1985).

Some case law suggests that this rule applies only where the lawsuit appears to be frivolous or meritless. See In re Fischer, 2013 WL 2316665, at *3 (E.D.N.Y. May 28, 2013) ("A litigant cannot obtain recusal simply by filing a frivolous suit against the judge.") (punctuation omitted); Jones v. City of Buffalo, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit . . . ."). Any such refinement to the rule described above would make no difference here inasmuch as, having examined the complaint in the lawsuit, the Court finds that the claims against the undersigned are frivolous.

Chief Judge Swain has arranged for the assignment of the newly-filed case to a judge outside the district in light of the potential that assigning it to a judge in this district might cause the impartiality of such a judge to be reasonably questioned. But this assignment is irrelevant to the determination of whether recusal is warranted in this lawsuit. As reflected in the case law cited above, whether a judge should recuse from a pending lawsuit involves different considerations than the assignment of a judge to a newly-filed suit against another judge.

A judge "is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Literary Works in Elec. Databases Copy. Litig., 509 F.3d 136, 140 (2d Cir. 2007) (punctuation omitted). For the reasons stated above, there is no basis on which the recusal motion could be granted. The application to recuse is therefore denied.

Defendants are directed to email a copy of this Order to plaintiff.

Dated: May 28, 2021
New York, New York

SO ORDERED.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge