UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                   :
TOWAKI KOMATSU,                        :
                                 Plaintiff,       :
                                                   :            18 Civ. 3698 (LGS)
                        -against-                        :
                                                   :            **OPINION AND ORDER**
THE CITY OF NEW YORK, et al.,        :
                                     Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Towaki Komatsu, proceeding pro se, brought this action against the City of New York and other city and state defendants, alleging that his constitutional rights were violated when Defendants prevented him from attending meetings held by Mayor Bill de Blasio in 2017. This case was referred to Magistrate Judge Gabriel W. Gorenstein for general pretrial supervision. In a Report and Recommendation ("the Report") dated May 28, 2021, Judge Gorenstein recommended dismissing the case under the inherent power of the court, Rule 37 and Rule 41. Plaintiff filed timely objections. For the following reasons, the Report is adopted in part, and the case is dismissed pursuant to the inherent power of the court and Rule 41.

    **I.**        **Background**

           **A. The Litigation and Events Leading to the Recommended Sanction**

        The Court assumes familiarity with the Report's detailed description of the background and procedural history of this case, which are adopted in full. The facts below are particularly relevant to the sanction imposed.

        On multiple occasions, Plaintiff used foul or degrading language in his court filings in reference to judges and others. On January 25, 2019, Plaintiff filed a letter to the Court stating:

"Get the FUCK out of this FUCKING case now by promptly recusing your FUCKING ASS to stop violating my FUCKING rights under the U.S. Constitution in it, you FUCKING BITCH!" (Dkt. No. 105 at 1-2.)  On February 5, 2019, Plaintiff was ordered to desist from using such language and warned that continuing to do so "may result in sanctions, including dismissal of the case."  Thereafter, Plaintiff repeatedly violated this order and continued to use foul and inappropriate language while addressing the Court, and also in describing other judges and opposing counsel, as detailed in the discussion of sanctions below.

Throughout the case, Plaintiff filed frivolous letters and applications.  On March 1, 2019, the Court noted Plaintiff's "voluminous and irrelevant filings in this case" and ordered Plaintiff to "refrain from making further filings in this case, except with respect to the disposition of the claims in the Second Amended Complaint."  Plaintiff violated this order repeatedly, filing numerous letters and untimely motions for reconsideration that often far exceeded the page limit and were irrelevant.  In response, the Court issued additional orders reminding Plaintiff of the warning.  S*ee, e.g.*, Dkt. Nos. 197, 202, 286, 391, 497, 542.  Each of these orders specifically warned that the case could be dismissed or other sanctions imposed if Plaintiff continued to violate the March 1, 2019, Order.

Plaintiff refused to follow other court orders.  After being ordered twice to file a single complaint with consecutively numbered paragraphs, Plaintiff instead filed a series of documents totaling over 1000 pages as his Third Amended Complaint.  On July 28, 2020, the Court denied his motion to amend.  On January 18, 2021, Plaintiff stated that he made an "audio recording" of a call between himself and Defendants' counsel, despite an order barring such recordings issued on December 18, 2019.  On April 22, 2021, Plaintiff admitted to violating the Confidentiality Order issued on January 15, 2021.

On February 3, 2021, Defendants moved for dismissal as a sanction under Rule 37(b) for Plaintiff's failure to comply with his discovery obligations, or under Rule 41(b) for failure to prosecute. Plaintiff opposed the motion, and Defendants replied. On March 12, 2021, while Defendants' motion was pending, Judge Gorenstein issued an order to show cause why the case should not be dismissed under the court's inherent power based on Plaintiff's "vexatious conduct and/or repeated noncompliance with court orders throughout this action." Both sides responded.

### B. The Report and Recommendation

Judge Gorenstein issued the Report and Recommendation on May 28, 2021. The Report recommends that this case be dismissed with prejudice under the inherent power of the court. The Report also concludes that the case may also be dismissed with prejudice under Rule 37(b)(2)(A) for failure to abide by the Court's December 18, 2020, discovery order and Rule 41(b) for Plaintiff's persistent failure to comply with other court orders and his "pattern of dilatory tactics."

The thirty-five page Report makes detailed factual findings of misconduct based on Plaintiff's filings on the docket, showing non-compliance with (1) orders prohibiting inappropriate language, (2) orders prohibiting certain types of filings, including voluminous and irrelevant filings, and repeated untimely requests for reconsideration, (3) orders concerning Plaintiff's proposed amended complaint, (4) the order prohibiting recording conversations with opposing counsel, (5) the order concerning discovery obligations and (6) the confidentiality order. The Report finds bad faith based on further detailed findings of Plaintiff's deliberate non-compliance with court orders despite numerous warnings.

The Report recommends dismissal with prejudice based on the following explicit findings:

that plaintiff has litigated this case in bad faith, that he had notice that his abusive conduct might lead to dismissal, that he had an opportunity to be heard on the proposed sanction of dismissal . . . , and that no sanction short of dismissal would succeed in curbing his misconduct. "[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) [alteration original]. Thus, this case should be dismissed with prejudice.

### C. Plaintiff's Objection to the Report

Plaintiff filed several letters objecting to the Report totaling 149 pages ("First Objection"). Defendants requested, among other things, that the Court strike the First Objection and order Plaintiff to file any objection in conformity with the Court's Individual Rules and Procedures for Civil Cases. The Court struck Plaintiff's First Objection and permitted Plaintiff to refile another objection to the Report not to exceed ten pages per the Court's Individual Rules. Plaintiff timely refiled his objection to the Report ("Second Objection"). Broadly construed and most pertinent here, the Second Objection objects to the Report on the ground that the recommended sanction of dismissal is beyond the court's authority.

### II. Standard of Review

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012), *aff'd sub nom. Hochstadt v. New York State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013) (quoting Fed. R. Civ. P. 72(b)). A district court need only satisfy itself that "no clear error [is apparent] on the face of the record." *See, e.g.*, *Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020).

4

A district court must conduct a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016). Although "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" *Petyan v. New York City Law Dep't.*, No. 14 Civ. 1434, 2015 WL 4104841, at *1 (S.D.N.Y. July 2, 2015) (internal citation omitted), the objections still "must be specific and clearly aimed at particular findings," *Harden v. LaClaire*, No. 7 Civ. 4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). A district court should not entertain new grounds for relief or additional legal arguments that were not before the magistrate judge. *See Walker v. Stinson*, 205 F.3d 1327, 2000 WL 232295, at *2 (2d Cir. 2000) (holding that a district court did not abuse its discretion in refusing to consider an argument that a petitioner failed to raise before a magistrate judge).

The objection that the Court lacks authority to impose dismissal as a sanction is reviewed de novo, as it is a specific objection and, broadly construed, was raised before the Magistrate Judge. The remainder of the Report is reviewed for plain error. The following two portions of the Second Objection are not reviewed: part (a) is not considered as it is raises matters not pertinent to the Report; part (g) is not considered as Federal Rule of Civil Procedure 10(c) pertains to pleadings and is inapplicable to the Report. Because the First Objection was stricken for excessive length, it is not considered. Exhibit A to the Second Objection, which seeks to incorporate by reference the First Objection, also is not considered.

### III. Discussion

The Report recommends that the Court dismiss this action with prejudice under the court's inherent power and finds that "dismissal is appropriate under Rule 37(b)(2)(A) and 41(b) as well." The Second Objection is broadly construed to challenge the Court's authority to dismiss the case on these bases, each of which is considered in turn below.

#### A. Dismissal Under the Court's Inherent Power

This action is dismissed with prejudice under the court's inherent power. A district court has "inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for bad-faith conduct or for disobeying the court's orders." *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). One such power is "outright dismissal of a lawsuit . . . [though] it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (internal citation and quotation marks omitted).

Federal district courts have "inherent authority to sanction parties appearing before [them] for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992); *accord Mickle*, 297 F.3d at 125. A sanction of dismissal with prejudice must be supported by "clear evidence" of misconduct and "a high degree of specificity in the factual findings," *Mickle*, 297 F.3d at 126, as well as a finding of "willfulness, bad faith, or reasonably serious fault." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013).

In *Koehl v. Bernstein*, 740 F.3d 860 (2d Cir. 2014), the Second Circuit upheld per curiam the district court's sanction dismissing the pro se plaintiff's lawsuit. *Id.* at 864. In *Koehl*, the plaintiff had filed letters with "abusive language, insults, and attacks." *Id.* at 862. When the

Magistrate Judge ordered the plaintiff to show cause why the action should not be dismissed, or the plaintiff would be otherwise sanctioned, the plaintiff filed additional letters containing more "insult and abuse." *Id.* at 862. The Magistrate Judge recommended dismissal with prejudice, and the district court adopted the recommendation. *Id.* On appeal, the Second Circuit found no abuse of discretion, particularly as plaintiff was "warned that continued 'intemperate' conduct could lead to dismissal of his action as a sanction, yet he persisted in it." *Id.* at 863 (quotation original).

Similarly, here, on January 25, 2019, Plaintiff filed a letter to the Court stating: "Get the FUCK out of this FUCKING case now by promptly recusing your FUCKING ASS to stop violating my FUCKING rights under the U.S. Constitution in it, you FUCKING BITCH!" (Letter from Plaintiff, filed January 25, 2019 (Dkt. No. 105), at 1-2.) In an Order dated February 5, 2019, Plaintiff was "directed not to use inappropriate language in his filings" and was expressly warned that continuing to do so "may result in sanctions, including dismissal of the case." (Dkt. No. 106 at 3.) Plaintiff violated the order and continued to use foul and inappropriate language in addressing the Court. *See, e.g.*, Letter from Plaintiff, filed February 24, 2021 (Dkt. No. 513 at 8-10) ("[Y]ou actually already fucking sanctioned me without any grounds whatsoever . . . the fucking tools weren't in the fucking toolbox so to speak to allow me to get the fucking job done in the first place with respect to being able to fully comply with the terms of your 12/18/20 discovery order by your 1/15/21 deadline."); Letter from Plaintiff, filed April 13, 2021 (Dkt. No. 545 at 2) (referring to this Court as "the very same total trash (Lorna)"); Letter from Plaintiff, filed April 14, 2021 (Dkt. No. 546 at 3) ("As a result, get the fuck out of this case now Bitch!").

7

Plaintiff also used foul language with respect to other judges and opposing counsel. *See, e.g.*, Letter from Plaintiff, filed February 24, 2021 (Dkt. No. 513 at 9) (complaining that Judge Steven Tiscione of the Eastern District of New York had not made a dismissal order public because "he may be preoccupied with giving blowjobs around the clock to CSOs, the USMS, and others"); Letter from Plaintiff, filed March 7, 2021 (Dkt. No. 518 at 6) (accusing Judge Stanton of lying "about material matters of fact and law that leads me to believe that he should be spending retirement in a sanitarium or cemetery instead of still plaguing the judiciary and public"); Letter from Plaintiff, filed November 23, 2020 (Dkt. No. 437 at 14-15) (interrogatory propounded by defendants was akin to asking "how often the defendants and their attorneys masturbated" and "whether they licked themselves as they did so"). As in *Koehl*, Plaintiff was warned multiple times of the consequences of continued misconduct, yet he persisted. As in *Koehl*, this conduct alone is sufficient to warrant dismissal as a sanction.

Plaintiff ignored this Court's multiple orders prohibiting voluminous and irrelevant filings beginning as early as May 16, 2019, and continuing up to the filing of the Objection to the Report on June 3, 2021. On March 1, 2019, the Court noted Plaintiff's "voluminous and irrelevant filings in this case" and ordered Plaintiff to "refrain from making further filings in this case, except with respect to the disposition of the claims in the Second Amended Complaint." Nevertheless, Plaintiff continued to file groundless motions, repeated requests for continuances and lengthy submissions far in excess of applicable page limits, prompting further warnings from the Court about the threat of dismissal. *See, e.g.*, Dkt. Nos. 197, 202, 286, 391, 497, 542.

Plaintiff violated other orders as well. He recorded conversations with opposing counsel against the clear order of the Court. He flouted discovery deadlines and requests. He also made public Defendants' emails that had been produced to him pursuant to a confidentiality order.

8

Based on a de novo review of these facts and others recounted in detail in the Report, this Opinion expressly adopts the Report's findings that "[P]laintiff has litigated this case in bad faith, that he had notice that his abusive conduct might lead to dismissal, that he had an opportunity to be heard on the proposed sanction of dismissal . . . , and that no sanction short of dismissal would succeed in curbing his misconduct." Based on these findings, dismissal of Plaintiff's case pursuant to the court's inherent power is proper. *Cf. In re Gravel*, 6 F.4th 503, 516 (2d Cir. 2021) (reversing sanction based on the court's inherent power in the absence of a finding of bad faith).

### B. Dismissal Under Rule 41

Plaintiff's conduct warrants dismissal under Rule 41. Rule 41(b) permits dismissal of "the action or any claim against it" if "the plaintiff fails to prosecute or to comply with . . . a court order." In evaluating the moving party's Rule 41(b) motion for dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (internal citation omitted). All five factors weigh in favor of dismissal.

Plaintiff's persistent violation of the Court's order prohibiting the use of foul and inappropriate language is detailed above, as is his violation of the orders against voluminous and irrelevant filings. Violation of these orders continued for more than two years. Defendants are likely to be prejudiced by the continuation of these proceedings. This action was filed in 2018,

9

currently has 626 docket entries, and there is no end in sight as Plaintiff has indicated that he will not comply with the Court's orders. *See, e.g.*, Letter from Plaintiff, filed February 11, 2021 (Dkt. No. 507 at 22) ("I have to not fully comply with your 12/18/20 order because its terms impermissibly violate my rights and those of others. . . . To be clear, my decision to not comply with your 12/18/20 order is for those reasons instead of a contempt of court. I have no contempt for what actually is court and has long impermissibly and atrociously been absent from this case mainly because of the commitment that you and Judge Schofield have maintained to violating my constitutional rights in this case.") Plaintiff has had more than a fair chance to be heard. His past conduct and repeated refusal to comply with the Court's orders demonstrate that nothing short of dismissal will succeed in curbing his misconduct. For these reasons, dismissal is warranted as a sanction under Rule 41.

### C. Dismissal Under Rule 37

To the extent the Report concludes that Rule 37 provides an independent basis for dismissal, that portion of the Report is not adopted. Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure permits a court to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery," considering several factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303-04 (2d Cir. 2009) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). "Dismissal of a *pro se* litigant's action may be appropriate so long as a warning has been given that non-compliance can result in dismissal." *Agiwal*, 555 F.3d at 302 (internal quotation marks omitted).

Here, on December 18, 2020, the Court ordered Plaintiff to produce interrogatory and document responses by January 15, 2021. Plaintiff's motion to reconsider the December 18, 2020, order was denied on January 29, 2021. In the meantime, the parties litigated the need for a confidentiality order. Discovery was stayed on February 23, 2021. Arguably, Plaintiff's noncompliance with the discovery order was not sufficiently long to warrant dismissal. Further, Plaintiff was not expressly warned that his noncompliance with the discovery order could result in dismissal.

### D. The Second Objection's Ultra Vires Arguments

The Second Objection in substance argues that the Court lacks the authority to order dismissal as a sanction. As discussed above, the Court has ample bases to dismiss the case as a sanction under the court's inherent power and under Rule 41. The Second Objection broadly construed makes three arguments -- first, that the First and the Fourteenth Amendments forbid such sanctions and that imposition of sanctions for use of foul language is "abuse of censorial power" and "unbridled discretion;" second, that the vagueness doctrine forbids the exercise of such inherent power; third, that special solicitude must be accorded to pro se plaintiffs, and therefore, sanctions are inappropriate. These are addressed in turn.

First, broadly construed, the Second Objection seems to argue that the district court's sanction against Plaintiff for his foul language is "abuse of censorial power" or "unbridled discretion." In *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750 (1988), to which Plaintiff cites, the two phrases are invoked to describe a situation in which citizens may bring a facial challenge to a licensing statute governing permits to place news racks on public property. The Supreme Court explained that a statute placing "unbridled discretion" in a government official or agency to issue such a permit may be challenged in court, as "the absence of express

11

standards makes it difficult to distinguish, as applied, between a licensor's legitimate denial of a permit and its illegitimate abuse of censorial power." *Id.* at 758 (internal quotation marks omitted). *Lakewood* pertains to First Amendment constraints on statutes authorizing executive officials to restrain speech without the benefit of standards and has no relevance here. No case that the Court is aware of applies the First or Fourteenth Amendment to bar judicial sanctions for a party's use of inappropriate language in court. As explained above, the Second Circuit has held that dismissal as a sanction is appropriate when a party uses abusive and insulting language directed at the Court. *See Koehl*, 740 F.3d at 862.

Second, the vagueness doctrine is inapplicable here. Under the Fifth and the Fourteenth Amendment's void-for-vagueness doctrine, courts must void criminal statutes that are too vague and may not impose criminal penalties against violators of such statutes. The doctrine, however, is irrelevant here where the Court's authority to sanction in this civil case does not stem from criminal statutes.

Third, a court must accord special solicitude to pro se litigants, which Plaintiff has received throughout this litigation. Plaintiff's claims were construed broadly in denying in part Defendants' motion to dismiss, and this Opinion interprets Plaintiff's objections generously in reviewing the Report. This special solicitude, however, does not limit a court's authority to dismiss a pro se litigant's action as a sanction. *See id.*

As to the remainder of the Report and its specific findings and conclusions -- to which Plaintiff raises no specific objections -- the Court finds they are not clearly erroneous or contrary to law on the face of the record.

## IV. CONCLUSION

For the foregoing reasons, the Report's recommendation is adopted in part and rejected in part as set forth above, and the case is DISMISSED.

The Clerk of Court is respectfully requested to close the case.

Dated: September 27, 2021
       New York, New York

                                                LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE